# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| Oracio Sanchez Jr., | : | Court of Appeals No. 22-3171 SLC |
| Plaintiff/Appellant | : | |
| | : | District Court No. 2:19-cv-1429 |
| VS | : | District Judge Colville |
| | : | Magistrate Judge Dodge |
| Ulli Klemm, et. al., | : | |
| Defendants/Appellee | : | |


RECEIVED
DEC 19 2022
U.S.C.A. 3rd. CIR

## ARGUMENT IN SUPPORT OF APPEAL

COMES NOW, the Plaintiff/Appellant (hereinafter Appellant), Oracio Sanchez Jr., pro se, presenting this argument in support of his appeal per order of the clerk and represents the following in support thereof:

The District Court not only misinterpreted the Prison Litigation Reform Act (hereinafter PLRA) but it misapplied ***Kokkonen v. Guardian Life Ins. Co.***, 511 U.S. 375 (1994) to the facts of Appellants case.

***Kokkonen*** involved state-law claims and counterclaims taken to the California Superior Court. After the suit was removed, on the basis of diversity-of-citizenship-jurisdiction, to the United States District Court for the Eastern District of California, the parties arrived at an oral agreement settling all claims and counterclaims. The parties recited the substance of the settlement agreement, on the record, before the District Judge in chambers. Subsequently, the parties executed a stipulation and order of dismissal with prejudice pursuant to Rule 41 (a)(1)(ii) of the Federal Rules of Civil Procedure. The stipulation and order, which the District Judge signed, did not refer to the settlement agreement and did not reserve jurisdiction in the District Court to enforce the agreement. After a disagreement arose in as to the Plaintiff's obligations under the agreement, a defendant in the diversity suit moved the District Court to enforce the agreement. The

District Court, entering an enforcement order, asserted an inherent power to do so. The United States Court of Appeals for the Ninth Circuit, affirming, reasoned that after dismissal of an action pursuant to a settlement agreement, a Federal District Court has jurisdiction under its inherent supervisory power to decide a motion to enforce the agreement.

On certiorari, the United States Supreme Court reversed the Court of Appeals' judgment and remanded the case for further proceedings. It was held that the District Court lacked jurisdiction over the defendant's breach of contract claim with respect to the settlement agreement-given that the parties' obligation to comply with the terms of the contract had not been made part of the District Court's order of dismissal either by separate provision or by incorporating the terms of the settlement agreement in the order as (1) no federal statute provided the basis for federal court jurisdiction over such a contract dispute; and (2) the doctrine of ancillary jurisdiction did not apply.

In the case *sub judice* Appellant is not seeking to enforce the settlement agreement but to reopen the dismissed suit. The Court in ***Kokkonen*** emphasized that that what the respondent sought in that case is the enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal. Some Courts of Appeals have held that the latter can be obtained under Federal Rule of Civil Procedure 60 (b)(6). ***Id. at 378.*** The Court further stated, "[e]nforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." ***Id.***

Since Appellant is not seeking to enforce the settlement agreement ***Kokkonen*** does not apply. ***Kokkonen*** made a clear distinction between seeking the enforcement of a settlement agreement and the reopening (reinstatement of civil proceedings) of a settled case. In stating that a Federal District Court requires its own basis for jurisdiction to enforce a settlement agreement the court in ***Kokkonen*** did not express that requirement for someone merely seeking to reopen a settled case. Still, Appellant avers that 18 U.S.C. § 3626 (c)(2)(A) provides a Federal District Court with that independent basis for jurisdiction to reinstate a settled case.

While ordinarily a Rule 60(b) motion may be the appropriate avenue to reopen a settled case. A Rule 60(b) motion is not the appropriate avenue to reopen a settled case with respect to prison conditions. A prisoner who initiates a civil action challenging prison conditions (although not entirely) is subject to different rules and regulations than a person (whether they are incarcerated or not) who brings a suit that does not challenge prison conditions. Only a prisoner who initiates an action with respect to prison conditions is subject to the PLRA.

As a prisoner challenging prison conditions, Appellant is subject to the provisions of the PLRA. Therefore, the proper avenue for Appellant to reopen his settled case is through 18 U.S.C. § 3626(c)(2)(A), not a Rule 60(b) motion.

The only case Appellant has found in the Third Circuit with respect to the reinstatement of the civil proceedings after a breach of a settlement agreement is ***Ghana v. New Jersey State Parole Board***, Civil No. 01-1620, 2011 U.S. Dist. LEXIS 91121, (DNJ August 15, 2011). The Court in ***Ghana*** held, "[u]nder the PLRA 18 U.S.C. § 3626 there are two types of settlement agreements: consent decrees, which must conform to the

PLRA's requirements, and private settlement agreements, which do not have to abide by the PLRA. The relief available for a violation of a settlement agreement depends on which type of settlement was agreed upon. As Magistrate Judge Donio explained in her Order of September 18, 2006, '[i]f a settlement agreement is not by way of consent decree, a party asserting a breach of that settlement agreement is limited to moving for reinstatement of the action in federal court or filing an action in state court for breach of contract.'" ***Id. at *8-9***. The Court further stated, "Plaintiff and Defendants have not entered into a consent decree; consequently, Plaintiff's only remedy was to have the case reinstated, which it was on October 15, 2008." ***Id. at *9***. (Emphasis added).

As such was the case in ***Ghana*** Appellant is entitled to the same relief, the reinstatement of his civil proceedings.

WHEREFORE, for the foregoing reasons, Appellant prays that this Honorable Court grant Appellant the opportunity to fully brief this court on the issues and that this court appoint counsel to represent Appellant in his complex issue.

Respectfully submitted,

Date: 12/14/22

[signature]

Oracio Sanchez Jr.
Inmate Number KR-8346
SCI Fayette
50 Overlook Drive
La Belle, PA 15450

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

| | | |
|---|---|---|
| Oracio Sanchez Jr., | : | Court of Appeals No. 22-3171 |
| Plaintiff/Appellant | : | |
| | : | District Court No. 2:19-cv-1429 |
| VS | : | District Judge Colville |
| | : | Magistrate Judge Dodge |
| Ulli Klemm, et. al., | : | |
| Defendants/Appellee | : | |

## STATEMENT OF VERIFICATON

I, Oracio Sanchez Jr., hereby verify that all statements made herein are true and correct to the best of my personal knowledge and belief and that any false statements are subject to the penalties of perjury 28 U.S.C. §1746.

DATED: 12/14/22

RESPECTFULLY SUBMITTED,

[signature]

Oracio Sanchez
Inmate Number KR-8346
SCI Fayette
50 Overlook Dr.
Labelle, Pa. 15450

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

| | | |
|---|---|---|
| Oracio Sanchez Jr., | : | Court of Appeals No. 22-3171 |
| Plaintiff/Appellant | : | |
| | : | District Court No. 2:19-cv-1429 |
| VS | : | District Judge Colville |
| | : | Magistrate Judge Dodge |
| Ulli Klemm, et. al., | : | |
| Defendants/Appellee | : | |

## CERTIFICATE OF SERVICE

I, Oracio Sanchez Jr., hereby certify that a true and correct copy of this argument in support of appeal is being served upon the people listed below in accordance with the governing rules of court including the prisoner mailbox rule.

Service by mail:
**4 Copies**

Office of the Clerk
United States Court of Appeals
21400 U.S. Courthouse
601 Market Street
Phila., Pa. 19106

DATED: 12/14/22

RESPECTFULLY SUBMITTED,

[signature]
Oracio Sanchez
Inmate Number KR-8346
SCI Fayette
50 Overlook Dr.
Labelle, Pa. 15450

Oracio Sanchez # KR-8346
SCI Fayette
50 Overlook Dr.
Labelle, PA 15450

RECEIVED
DEC 19 2022
U.S.C.A. 3rd. CIR

Office of
United States (
21400 U.S. (
601 Market S
Phila, PA

Inmate Mail
PA Department of Corrections




he Clerk
urt of Appeals
ourthouse
reet
19106

U.S.M.
X-RA